```
 1            UNITED STATES DISTRICT COURT

 2          NORTHERN DISTRICT OF WEST VIRGINIA

 3   United States of America,

 4         Plaintiff,

 5              VS.                    CRIMINAL ACTION NO.

 6                                     5:22-cr-13

 7   Dallas Acoff,

 8         Defendant.

 9                          - - -

10      Proceedings had in the plea hearing of the above-styled

11   action on October 18, 2022, before Honorable James P. Mazzone,

12   Magistrate Judge, at Wheeling, West Virginia.

13                          - - -

14      APPEARANCES:

15      On behalf of the United States of America:

16      Jennifer T. Conklin
        Assistant United States Attorney
17      United States Attorney's Office
        P.O. Box 591
18      Wheeling, WV  26003
        304.234.0100

19

20      On behalf of the Defendant:

21      Charles T. Berry
        PO Box 114
22      Kingmont, WV  26578
        304.363.3564

23

24      The defendant was present in person.

25      Proceedings recorded utilizing realtime translation.
        Transcript produced by computer-aided transcription.
```

Cindy L. Knecht, RMR/CRR/CBC/CCP
PO Box 326   Wheeling, WV   26003   304.234.3968

1          Tuesday Morning Session,
2          October 18, 2022, 11:00 a.m.
3                    - - -
4          THE CLERK:  This is the case of the United States of
5   America versus Dallas Michael Acoff, Criminal Action Number
6   5:22-CR-13.
7          Will counsel please note their appearance for the
8   record.
9          MS. CONKLIN:  Jennifer Conklin standing in for Shawn
10  Adkins.
11         MR. BERRY:  Charles Berry for Mr. Acoff, Judge.
12         THE COURT:  Okay.  Good morning.
13         Mr. Berry, it's the Court's understanding that
14  Mr. Acoff desires to enter a plea of guilty to the charges
15  contained in Count 1, 2, 3, 4, and 5 of the original
16  indictment, including the forfeiture allegation; is that
17  correct?
18         MR. BERRY:  That was my understanding, too, Judge,
19  until this morning, and I have been advised by Mr. Acoff that
20  he does not want to plead.
21         THE COURT:  Okay.  To anything?
22         MR. BERRY:  Doesn't want to plead to anything.
23         THE COURT:  Okay.  Well, then I'll alert the District
24  Court of that decision and the matter will proceed.  Is there
25  anything else that we need to take up at this time?

1            MR. BERRY:  I don't think so, Judge.

2            THE DEFENDANT:  There is.

3            (Discussion off the record.)

4            MR. BERRY:  Judge, he now thinks he wants to do it.

5            THE COURT:  Okay.  Counts 1 through 5, without a plea

6    agreement?

7            MR. BERRY:  That's true, yes.

8            THE COURT:  Okay.  We are back on the record.  And

9    again, just to confirm, there is no plea agreement in this

10   case, correct?

11           MR. BERRY:  There is none.  Actually, Judge, there's

12   been a lot of conversations with the government regarding the

13   plea agreement, and the government is unwilling to take out the

14   requirement that he debrief.  He doesn't want to debrief, so

15   we've worked out where it's -- it's actually the same plea

16   agreement, except there's no agreement.  The government has

17   agreed to allow him to argue or allow us to argue at sentencing

18   for a lot of drugs that were on -- over on the island.  And

19   that was a big concern, big concern for Mr. Acoff, and it's a

20   concern for me.

21           So even doing what we're doing, he's still going to

22   be able to do that without losing his acceptance.  That's the

23   agreement with the government.  So I don't know what else to

24   say.  It's a good agreement.

25           THE COURT:  Mr. Acoff, sir, would you please stand

 1  and raise your right hand so that you may be sworn in.
 2           (Defendant sworn.)
 3           THE COURT:  Mr. Acoff, sir, do you understand that
 4  you are now under oath, and that if you were to answer any of
 5  these questions today falsely, your answers may later be used
 6  against you in another prosecution for perjury or for making a
 7  false statement?
 8           THE DEFENDANT:  Yes, sir.
 9           THE COURT:  And do you understand that if you were to
10  lie, it could result in a higher sentence for you?
11           THE DEFENDANT:  Yes, sir.
12           THE COURT:  Mr. Acoff, during the course of this
13  hearing, I will be asking you several questions.  At any point
14  you should feel free to ask questions, ask for an explanation
15  if you do not understand any of my questions, or ask for me to
16  pause the proceedings so that you may confer with Mr. Berry
17  prior to answering any of the questions.
18           Do you understand that, sir?
19           THE DEFENDANT:  Yes, sir.
20           THE COURT:  Would you please state your full name.
21           THE DEFENDANT:  Dallas Michael Acoff.
22           THE COURT:  How old are you?
23           THE DEFENDANT:  33.
24           THE COURT:  How far have you gone in school?
25           THE DEFENDANT:  I got my GED.

1     THE COURT: Can you read, write, and understand the
2  English language?
3     THE DEFENDANT: For the most part.
4     THE COURT: Have you recently been under the care of
5  a doctor, a psychiatrist, or any other medical professional for
6  any serious physical or mental illness, including addiction to
7  drugs or alcohol?
8     THE DEFENDANT: Yes, sir.
9     THE COURT: Now, Mr. Acoff, let me inquire, do any of
10 those medical conditions or medication that you may be on
11 affect your ability to hear, communicate, or comprehend?
12    THE DEFENDANT: No, sir.
13    THE COURT: Are you currently using any form of
14 controlled substance or any medication or alcohol that may
15 affect your ability to understand this proceeding?
16    THE DEFENDANT: No, sir.
17    THE COURT: Mr. Berry, do you have any reason to
18 question the competence of Mr. Acoff?
19    MR. BERRY: I do not, Judge.
20    THE COURT: Mr. Acoff, are you here today to enter
21 these guilty pleas?
22    THE DEFENDANT: Yes, sir.
23    THE COURT: Mr. Acoff, the Court would then make a
24 finding that you are competent and capable of entering an
25 informed plea.

1            Mr. Acoff, I'm a United States Magistrate Judge.  You
2   are charged in this case with a felony.  That means that you do
3   have the right to have this plea taken by an Article III Judge,
4   sometimes called a District Judge.  Only you can give up that
5   right, and I can only hear your plea if you agree to it by
6   signing a written waiver.
7            In that regard, the record should reflect the Court
8   is tendering that waiver to Mr. Berry.  If you could please
9   approach to Mr. Berry at this time for his review with
10  Mr. Acoff.
11           MR. BERRY:  May I approach, Your Honor?
12           THE COURT:  Yes, please.
13           The record should reflect that the Court has now been
14  provided with a fully executed waiver of Article III Judge.
15           Mr. Acoff, you executed this waiver form in open
16  court.  Did you read it prior to executing it?
17           THE DEFENDANT:  Yes, sir.
18           THE COURT:  Did you understand it?
19           THE DEFENDANT:  Yes, sir.
20           THE COURT:  Did you feel as if you were forced or
21  compelled to sign this form against your will?
22           THE DEFENDANT:  No, sir.
23           THE COURT:  Mr. Berry, is it also your understanding
24  that Mr. Acoff agrees to this waiver?
25           MR. BERRY:  Yes, sir.

1                THE COURT:  The Court will make a finding that the
2   waiver form has been properly executed.  It will be tendered to
3   the clerk for entry.
4                Mr. Acoff, do you understand that you do have a right
5   to be represented by an attorney at every stage of these
6   proceedings, including sentencing, and that if you could not
7   afford an attorney, you would have the right to have one
8   appointed?
9                THE DEFENDANT:  Yes, sir.
10               THE COURT:  Mr. Berry, do you or any member of your
11  office represent anyone, including any codefendants, who may be
12  interested in the outcome of this case?
13               MR. BERRY:  No, Your Honor.  And this is a
14  single-defendant case.
15               THE COURT:  Mr. Acoff, sir, do you believe that
16  you've had an adequate amount of time to discuss your case
17  fully with Mr. Berry?
18               THE DEFENDANT:  No.
19               THE COURT:  Okay.  Is this something that can be
20  cured by taking a brief recess?
21               MR. BERRY:  I don't know, Judge.  I don't know why he
22  believes that.  We've had numerous conversations regarding the
23  plea, but if he doesn't think that he understands what he's
24  doing, then we either take a break and see if he does, or scrap
25  it and go see Judge Bailey, I guess.

```
 1              THE DEFENDANT:  I understand why we here today is did
 2   we have enough time within the last week is when I accepted my
 3   plea and he discuss things with me.  That's why I have a clear
 4   understanding.  That's why I asked for the status conference.
 5   But moving forward, I understand today what I'm doing.
 6              THE COURT:  Do you believe, Mr. Acoff, that you've
 7   discussed your case enough with Mr. Berry to proceed with
 8   today's plea?
 9              THE DEFENDANT:  Yes.
10              THE COURT:  Would you like any more time to discuss
11   things with him?
12              THE DEFENDANT:  I would give the same answer, so
13   nothing's going to change.  I believe moving forward, this is
14   my last option until trial is forced on me.
15              THE COURT:  You wish to move forward at this time?
16              THE DEFENDANT:  Yes.
17              THE COURT:  Mr. Acoff, has Mr. Berry been able to
18   answer your questions about how best to proceed in this case?
19              THE DEFENDANT:  Yes.
20              THE COURT:  Is there anything that he has not done
21   which you've asked him to do?
22              THE DEFENDANT:  Certain things I wanted to explain to
23   me and I want got a full understanding, a clear idea.
24              MR. BERRY:  Judge, if I might, Mr. Acoff is looking
25   at a plea agreement, and this is not going to be a plea
```

1  agreement plea.  It's a plea straight up to the indictment.
2  And he and I have talked about that on numerous occasions, and
3  Mr. Acoff is of the -- or was at least of the mind that he did
4  not want to have to debrief, and the United States was
5  unwilling to take that provision out of the plea agreement, so
6  the only option for him to plead is to plead straight up to the
7  indictment.
8         But in addition to that, I have talked to Shawn
9  Adkins, and Shawn has agreed that even though he's pleading
10 straight up to the indictment, that the drugs involving one of
11 the counts is still going to be up for discussion at
12 sentencing.  And as a result of that, he will not -- because he
13 is going to argue that, he's still not going to lose his
14 acceptance of responsibility.  So it's actually a better deal
15 for him than having to plead to a plea agreement, because he
16 doesn't have to debrief and he doesn't want to do that.
17        So I don't know, Judge.  Honestly, I don't know what
18 more explanation that I can give him.  If I could, I would,
19 but --
20        THE DEFENDANT:  My issue wasn't with the debriefing.
21 My issue, I was believed to think that I that had a zero to 20.
22 I'm at a one to 40.  I supposed to get three years supervised
23 release.  It's six years supervised release and it's --
24        (Discussion held off the record.)
25        MR. BERRY:  There's a difference between the one to

1  20 and the two to 40 he's talking about, or the one to 40 he's
2  talking about, Judge, is because of protected location.  And
3  there's nothing that -- there's nothing I can do about that.
4  They're not going to take it out.  So -- but he can argue about
5  having the drugs on the island and in a protected location
6  there.  So just doesn't get any better than this.  I mean -- if
7  it's me or if it's whoever, I mean, this is as good a deal as
8  he's going to get.
9          THE COURT:  Do you wish to proceed, Mr. Acoff?
10          THE DEFENDANT:  I'm just worried that my guideline
11  range is not in my plea agreement, this plea agreement they
12  presented.  That's what I'm pleading out to my indictment.  I
13  feel like the 841(b)(1)(C) is a zero to 20, and I wondered how
14  he was saying I can get two more points and get my supervised
15  release doubled and my mandatory minimum plus my back number
16  flipped and my fine doubled, like, just explain that to me is
17  what I was asking him, and he got no answers for me.  But he
18  telling me it's the best plea I should -- I should take this
19  plea agreement.  I felt like if I plead to my indictment, it's
20  the protected location and delivery, which is what I did, but
21  stipulating the other things as relevant conduct, I don't
22  understand how that's coming into play.
23          THE COURT:  I think at this point it would probably
24  be prudent to terminate the hearing.  If Mr. Acoff wishes to
25  discuss this further with you, Mr. Berry, I'm here.  We can

1  reconvene.  But I'm uncomfortable having an open discussion in
2  court involving the terms of a plea agreement or versus no plea
3  agreement.  It doesn't sound to the Court as if he is
4  completely understanding what you've articulated for him and
5  the Court here today.
6         MR. BERRY:  Quite honestly, Judge, I'm not sure that
7  it's a matter of understanding, but it's not what he wants.  He
8  doesn't want to plead -- he wants to plead to what he wants to
9  plead to, and it doesn't work that way, and he knows it doesn't
10 work that way, so do whatever the Court feel best, obviously,
11 Judge.
12        THE COURT:  Okay.  Well, let's go off the record.  I
13 can reconvene the hearing if you wish to discuss things a
14 little further, but I don't know that we ought to be having
15 these discussions --
16        MR. BERRY:  In open court.
17        THE COURT:  -- in open court, correct.  I'm here.  If
18 we need to reconvene it, we can.  I'll give you a little bit of
19 time to discuss things with him.  If we reconvene, that's fine.
20 If not, like I say, I'll alert the District Court there was no
21 plea today.  Okay.  Then we'll be adjourned at least for the
22 time being.
23        (Proceedings adjourned at 11:27 a.m.)
24
25

```
1                         CERTIFICATE

2      I, Cindy L. Knecht, Registered Professional Reporter and

3   Official Reporter of the United States District Court for the

4   Northern District of West Virginia, do hereby certify that the

5   foregoing is a true and correct transcript of the proceedings

6   had in the above-styled action on October 18, 2022, as reported

7   by me in stenotypy.

8      I certify that the transcript fees and format comply with

9   those prescribed by the Court and the Judicial Conference of

10  the United States.

11     Given under my hand this 24th day of April 2023.

12              /s/Cindy L. Knecht
                _____
13              Cindy L. Knecht, RMR/CRR
                Official reporter, United States
14              District Court for the Northern
                District of West Virginia
15

16

17

...

25
```